The Honorable T.J. Hively Prosecuting Attorney Sixteenth Judicial District P.O. Box 2476 Batesville, Arkansas 72503
Dear Mr. Hively:
This is in response to your request for an opinion on whether a nonprofit corporation which operates a school and a residential facility and provides other services for mentally retarded and developmentally disabled persons would be in violation of A.C.A. 11-9-406 if it terminated workers' compensation insurance for its employees. You indicate that the nonprofit corporation involved is "The Community School, Inc.," located in Batesville, Arkansas. You have asked me to assume the following facts to be true regarding this corporation:
 1. That the purposes of The Community School are as set forth in the Articles of Incorporation (a copy of which you have enclosed).
 2. That The Community School, Inc. is not maintained or operated for any private gain, profit or advantage of any of its organizers, officers or directors, either directly or indirectly.
 3. That The Community School, Inc., has no capital stock or any provision for making profits or for distribution of any of its property other than in the course of its operation in accordance with the articles of incorporation.
 4. That the funds received by The Community School, Inc., come from public and private donations as well as state and federal governmental funds.
 5. That all profits, if any, from its operation are applied to maintaining its facilities and the operation of its programs.
 6. That Community School, Inc. serves children and adults whether or not available funds exist and without discrimination on account of race, creed, color, religion, national origin, or ability to pay.
 7. The Community School is exempt from payment of both state and federal taxes and has been recognized as an exempt organization under Section 501(c)(3) of the Internal Revenue Code.
You ask, in light of these factors, whether this organization is exempt from the Workers' Compensation Act, by reason of the definition appearing in Ark. Code Ann. Section 11-9-102
(12)(A)(vi) (Cum. Supp. 1993) (exempting "nonprofit religious, charitable, or other relief organizations"), so that its failure to secure workers' compensation insurance would not constitute a criminal offense under A.C.A. 11-9-406 (Cum. Supp. 1993).[1]
It should be noted initially that the question you have asked is ultimately one of fact. This office is not empowered as a factfinder in such matters. Additionally, the decision of whether to instigate a criminal prosecution is entirely within the discretion of the prosecuting attorney. My office has no authority over such matters.
The current workers' compensation law, A.C.A. 11-9-101 to -911, was enacted in 1993. Thus far, there have been no cases of either the Arkansas Supreme Court or the Court of Appeals interpreting the exemption for "nonprofit religious, charitable, or relief organization(s)." See A.C.A. 11-9-102
(12)(A)(vi). There is a case decided by the Court of Appeals under the prior workers' compensation act, interpreting the former exemption for "institutions maintained and operated wholly as public charities." In Sloan v. Voluntary Ambulance Service, 37 Ark. App. 138 (1992), the Court of Appeals upheld the exemption of a "voluntary ambulance service," which was incorporated as a nonprofit corporation. The court looked to several factors in determining whether the entity was exempt from the workers' compensation laws. Those factors are set out on pages 140-141 of the opinion, and will not be reiterated at length herein. Suffice it to say that many of the factors leading the court to uphold the exemption are present in the facts you have described regarding The Community School, Inc. Of course, as stated previously, the question of whether The Community School, Inc. is exempt from the workers' compensation law is a question of fact which can only be determined by a factfinder presented with all the evidence. I would suggest however, that your office review the Sloan decision, in making any prosecutorial judgments with regard to this matter.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] In addition to providing a procedure for the assessment of civil penalties by the Workers' Compensation Commission for failure to secure payment of compensation, this statute makes the employer subject to prosecution for a Class D felony. See A.C.A. 11-9-406(a).